**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TONY CARAPIA,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>JOHN MARSHALL, Warden,<br><br>　　　　　　Respondent. | Civil No. 06CV0629-J (RBB)<br><br>**ORDER:**<br><br>**(1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;**<br><br>**(2) DENYING PETITIONER'S SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS [DOC. NO. 13];**<br><br>**(3) DENYING PETITIONER'S REQUEST FOR AN EVIDENTIARY HEARING [DOC. NOS. 13, 20]; AND**<br><br>**(4) DENYING PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL [DOC. NOS. 13, 20].** |

   Before the Court is Magistrate Judge Ruben Brooks' Report and Recommendation ("R&R") recommending that the Court deny Petitioner Tony Jose Carapia's ("Petitioner") Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. No. 13.] Petitioner timely filed Objections to the R&R. [Doc. No. 25.] Respondent has not filed a Reply. For the reasons set forth below, this Court **ADOPTS** the R&R and **DENIES** the Petition in its entirety.

*Factual Background*

On June 7, 2001, a dispute arose over a cellular telephone that Richard Goodman loaned to Petitioner. (Lodgment No. 1, Rep.'s Tr. vol. 7, 637.) When Stephen Thomas, the actual owner of the cellular phone, discovered Petitioner was using the telephone; Mr. Thomas told Petitioner to return the telephone to Mr. Goodman. (Lodgment No. 1, Rep.'s Tr. vol. 7, 517.)

When Mr. Thomas arrived at Mr. Goodman's house there were several Hispanic males in the living room. (*Id.* at 521.) Mr. Goodman asked Mr. Thomas if he "came prepared" and Mr. Thomas replied that he was "always prepared." (*Id.* at 522.) An argument ensued between Mr. Thomas and Petitioner during which Petitioner allegedly "flinched" at Mr. Thomas in an aggressive manner. (*Id.* at 525.) A physical fight followed in which Mr. Thomas was stabbed several times. (*Id.* at 616-17.)

At trial, Petitioner claimed that Mr. Thomas was the aggressor in the altercation and charged at him first. (Lodgment No. 1, Rep.'s Tr. vol. 9, 1047.) Petitioner's claim was corroborated by three other witnesses. (Lodgment No. 1, Rep.'s Tr. vol. 7, 662, 688-89; Lodgment No. 1, Rep,'s Tr. vol. 8, 806, 815, 818.) Petitioner also testified that he did not stab Mr. Thomas. (Lodgment No. 1, Rep.'s Tr. vol. 9, 1051.)

Detective Luis Rudisell, testifying as an expert, provided evidence that Petitioner was a member of the Westside Gang. (Lodgment No. 1, Rep.'s Tr. vol. 9, 971-72.) Detective Rudisell further testified that the crime would benefit the Westside Gang's narcotic sales by eliminating competition in the area. (*Id.* at 980.) Detective Rudisell also testified that a stabbing would be consistent with an intent to promote the gang. (*Id.* at 981.) Petitioner denied membership in the Westside Gang. (Id. at 998-1000.)

*Procedural Background*

In count one of an amended information, Petitioner was charged with attempted murder in violation of California Penal Code § 664 and § 187(a). (Lodgment No. 4, Pet. for Review 3, *People v. Carapia*, No. S131307 (Cal. Mar. 30, 2005.) Count one further alleged that Petitioner used a dangerous and deadly weapon in violation of California Penal Code § 12022(b)(1). *Id.* Count two charged Petitioner with assault with a deadly weapon with a force likely to cause

great bodily injury in violation of California Penal Code § 245(a)(1).  (*Id.* at 3-4.)  Count two also alleged that the offenses were committed for benefit of a criminal street gang in violation of California Penal Code § 186.22(b)(1).  (*Id.*)  Both counts alleged that the offenses were committed for the benefit of a criminal street gang in violation of California Penal Code § 186.22(b)(1).  (*Id.* at 4.)  The information also alleged a prison prior.  (*Id.*)

The jury found Petitioner guilty of all counts, including the allegation that Petitioner committed these crimes for the benefit of a criminal street gang in violation of California Penal Code § 186.22(b)(1).  (*Id.* at 2.)  After a bench trial, the judge found that the prior conviction allegation was true as alleged in the information.  (*Id.*)  On July 26, 2002, the trial court sentenced Petitioner to twenty-four years in prison.  (*Id.* at 2; Lodgment No. 3, *People v. Carapia*, No. D042110, slip op. at 6 (Cal. Ct. App. Dec. 28, 2004).)

Petitioner filed a direct appeal arguing: (1) insufficient evidence existed to support the finding that the crimes benefitted a criminal street gang and (2) the trial court prejudicially erred by denying Petitioner's motion to bifurcate the gang allegations from the trial on the underlying offenses.  (Lodgment No. 3, *People v. Carapia*, No. D042110, slip op. at 2.)  The California Court of Appeal, affirming Petitioner's conviction, found sufficient evidence to support the gang enhancement and no error in the trial court's ruling on the bifurcation motion.  (*Id.* at 15.)  The appellate court reversed and remanded for sentencing, however, because it found the judge's determination of the aggravating factors was contrary to *Blakely v. Washington*, 542 U.S. 296 (2004).  *Id.*

Petitioner then filed a Petition for Review in the California Supreme Court raising the same two issues originally raised on appeal.  (Lodgment No. 4, Pet. for Review 2, *People v. Carapia*, No. S131307.)  On March 30, 2005, the court denied the petition.  (Lodgment No. 5, *People v. Carapia*, No. S131307, slip. op. at 1 (Cal. Mar. 30, 2005).)

On March 22, 2006, Petitioner filed a Petition for Writ of Habeas Corpus with this Court [doc. no. 1].  The Court dismissed the Petition without prejudice for failure to comply with local rules, allege exhaustion of state court remedies, state a claim, and name the proper respondent [doc. no. 5].

On July 10, 2006, Petitioner filed a First Amended Petition for Writ of Habeas Corpus and Petition to Proceed In Forma Pauperis [doc. nos. 8, 9]. On August 23, 2006, this Court granted the Petition to Proceed In Forma Pauperis but dismissed the First Amended Petition without prejudice. [Doc. No. 12.] On September 27, 2006, Petitioner filed his Second Amended Petition for Writ of Habeas Corpus [doc. no. 13]. Respondent filed an Answer with accompanying Memorandum of Points and Authorities and a Notice of Lodgment on December 27, 2007 [doc. no. 18.] Petitioner submitted a Traverse on January 31, 2007 [doc. nos. 19, 20].

### *Legal Standard*

**I.  State Prisoner Habeas Standard**

Under 28 U.S.C. § 2254(a) a federal court may grant a habeas petition if the applicant is in custody "in violation of the Constitution or other laws or treaties of the United States." In other words, a federal court may grant habeas corpus relief from a state court judgment only if the adjudication was (1) contrary to, or involved an unreasonable application of, clearly established federal, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court decision is "contrary to clearly established federal law" if it (1) applies a rule that contradicts the governing law set forth in Supreme Court cases, or (2) confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at the opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). A state court decision is an unreasonable application of the facts 'if the state court identifies the correct governing legal principle from [the Supreme Court's] decision but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

**II.  Reviewing a Magistrate Judge's R&R**

The duties of the district court in connection with a magistrate judge's R&R are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (2005). The district court must "make a de novo determination of those portions of the report...to which objection is made," and "may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2005); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980). "When no objections are filed, the district court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law." *Johnson v. Nelson*, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001). "Under such circumstances, the Ninth Circuit has held that 'a failure to file objections only relieves the trial court of its burden to give de novo review to factual findings; conclusions of law must still be reviewed de novo.'" *Id.* (quoting *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989)). In this case, Petitioner filed objections to the R&R. [Doc. No. 25.] Accordingly, this Court will make de novo determinations of factual findings as to those portions of the R&R to which objections have been made.

### *Petitioner's Objections*

Because Petitioner has filed objections to the R&R, the Court must conduct a de novo review of the portions of the R&R to which objections were made. Petitioner objects to the R&R on the basis that the trial court incorrectly concluded that the offense was committed with the specific intent of benefitting a criminal street gang. Petitioner argues that: (1) his behavior was not related to a criminal street gang; (2) his behavior was not for the benefit, at the direction of, or in association with any criminal gang activity; and (3) there was insufficient evidence to find the specific intent necessary to reach the above conclusion. (Pet'r's Objs. at 3-4.)

### *Discussion*

Petitioner asserts that the trial court violated his Fourteenth Amendment right to due process by imposing a gang enhancement that was based upon insufficient evidence to prove that "the charged crimes were committed for the benefit, at the direction of, or in association with the Westside gang..." (*Id.* at 7.) Petitioner also maintains that there was insufficient evidence to show the specific intent "to promote, further, or assist in criminal conduct by gang members..." (*Id.* (quoting Cal. Penal Code § 186.22(b)(1)).) The magistrate judge found that there was sufficient evidence for a rational jury to conclude that the offense was committed with specific intent and for the benefit, at the direction of, or in association with a criminal street gang. (R&R at 20, 25.) After a de novo review of the factual findings relevant to Petitioner's Objections and

a de novo review of all conclusions of law, this Court **FINDS** that the R&R correctly addressed the issues raised in the Petition.  Therefore, for the reasons set forth below, the Court **ADOPTS** the R&R in its entirety and **DENIES** Petitioner's Second Amended Petition for Writ of Habeas Corpus, the Motion for an Evidentiary Hearing, and Petitioner's request for appointment of counsel.

**I.  Writ of Habeas Corpus**

A.  For the benefit, at the direction of, or in association with a criminal street gang...

California Penal Code Section 186.22(b)(1) provides that "any person who is convicted of a felony committed for the benefit, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony...be punished by an additional term of 10 years." Cal. Penal Code § 186.22(b)(1)(c) (West Supp. 2007).  The statute requires the state to prove two elements: (1) the defendant committed the crime for the benefit, at the direction of, or in association with a criminal street gang and (2) the defendant intended to assist, further, or promote criminal conduct by gang members.  *People v. Gardeley*, 14 Cal. 4th 605, 615-16, 927 P.2d 713, 720, 59 Cal. Rptr. 2d 356, 363 (1996); *see also Garcia v. Carey*, 395 F.3d 1099, 1103 (9th Cir. 2005).

*1.  For the benefit...*

In order to prove that a defendant committed a crime "for the benefit, at the direction of, or in association with any criminal street gang," Cal. Penal Code § 186.22(b)(1), the state must establish the existence of a "criminal street gang."  *See Gardeley*, 14 Cal. 4th at 616, 927 P.2d at 720, 59 Cal. Rptr. 2d at 363.  The state must also prove that the defendant committed the crime "for the benefit, at the direction of, or in association with" that gang.  Cal. Penal Code § 186.22(b)(1).  Magistrate Judge Brooks correctly found that there was sufficient evidence for the trial court to determine that the state had met its burden in proving that Petitioner acted for the benefit of the Westside gang.

a.  Criminal Street Gang

California Penal Code Section 186.22(f) defines a criminal street gang as "any ongoing association of three or more persons that shares a common name or common identifying sign or symbol; has as one of its primary activities "the commission of specified criminal offenses" and engages its members in a "pattern of criminal gang activity." *Gardeley*, 14 Cal. 4th at 610, 927 P.2d at 715, 59 Cal. Rptr. 2d at 358 (*summarizing* Cal. Penal Code § 186.22(f)).  At Petitioner's trial, Detective Rudisell testified about the necessary elements for gang enhancements. Detective Rudisell described the Westside gang as an association of approximately 135 to 150 Hispanic males.  (Lodgment No. 1, Rep.'s Tr. vol. 8, 905.)  He also testified that the gang's common signs and symbols include graffiti, tattoos, and hand signs.  (Lodgment No. 1, Rep.'s Tr. vol. 9, 970-72; Lodgment No. 1, Rep.'s Tr. vol. 8, 913-14.)  Evidence at trial also established that the Westside gang's primary activity since the late 1990s involved trafficking and selling methamphetamine and other drugs.  (Lodgment No. 1, Rep.'s Tr. vol. 8, 905.)  After weighing such evidence, a reasonably trier of fact could conclude that the Westside gang was a criminal street gang as defined by California Penal Code § 186.22(f).

### b.  Benefit, Direction or Association

In his Objection, Petitioner asserts that there was insufficient evidence to find that the offense was committed in any relation to a criminal gang.  Pettioner states that his behavior was "for no benefit, at the direction, or in association with anyone," and that Detective Rudisell's testimony otherwise is "erroneous if stated as more than inferences or hypotheticals." (Pet'r's Obj. at 4.)  Petitioner argues that, as such, Detective Rudisell's testimony could not have established the State's burden.  *Id.*  In *People v. Romero*, an expert testified about gang rivalries and territories and set forth that shooting any African American man in the area would elevate the status of the shooters and the entire gang.  *People v. Romero*, 140 Cal. App. 4th 15, 19, 43 Cal. Rptr. 3d 862, 865 (Ct. App. 2006).  In response, the defendant argued that because the victim's were not gang members and the aggressors did not wear gang colors or use gang slogans, the expert's testimony was insufficient to support the gang enhancement.  *Id.* at 18, 43 Cal. Rptr. 3d at 864.

There, the court found that the expert's testimony was sufficient to support the finding that the shooting was done for the benefit, at the direction of, or in association with the gang. *Id.* Detective Rudisell testified about the incident concerning Petitioner in a manner similar to the expert in *Romero*. *Id.* Detective Rudisell testified that a violent crime, such as a stabbing, benefits the gang's reputation for being tough and discourages other people from challenging the gang. (Lodgment No. 1, Rep.'s Tr. vol. 9, 979-81.) There was also evidence that the home in which the stabbing occurred was marked as the gang's territory. (*Id.* at 969.) The Petitioner also claimed to be a gang member and has committed a crime while claiming to be a member of the Westside gang. (Lodgment No. 1, Rep.'s Tr. vol. 8, 910-11; Lodgment No. 1, Rep.'s Tr. vol. 9, 985-86.) Taking into account all this evidence, a jury could reasonably conclude that the violent confrontation was gang-related and committed for the benefit, at the direction of, or in association with the Westside gang.

### 2. *Specific Intent*

Petitioner also disputes the sufficiency of the evidence to prove that he possessed the specific intent necessary for a gang enhancement. (*See* Second Am. Pet. 7-8.) In order to prove specific intent, the state must prove that the defendant specifically intended to assist, further, or promote criminal conduct by gang members. Cal. Penal Code § 186.22(b)(1). Under California state law, juries are permitted to rely on expert testimony about gang culture and habits when reaching a verdict on a gang related offense or gang allegation. *People v. Ferraez*, 112 Cal. App. 4th 925, 930, 5 Cal. Rptr. 3d 640, 645 (Ct. App. 2003). During the trial, Detective Rudisell provided his opinion about whether a person in a similar position to Petitioner would be acting for the sole purpose of establishing reputation. (Lodgment No. 1, Rep.'s Tr. vol. 9, 981.) Detective Rudisell explained that gang culture thrived on respect and members received more respect when they committed violent crimes. (*Id.* at 973-74.) He also testified that a stabbing increased the general respect towards the Petitioner and, by extension, the Westside gang's reputation. (*Id.* at 980.) Detective Rudisell concluded that with the above reasoning in mind, he believed that in a hypothetical situation similar to the Petitioner's, the stabbing would be done for the sole purpose of establishing a reputation for the gang. *Id.* at 981. Based on Detective

Rudisell's testimony and other evidence stated above, a rational jury could conclude that the Petitioner acted with specific intent to further, benefit, or promote criminal gang activity. Accordingly, the Court **DENIES** Petitioner's claims for habeas relief.

**II. Motion for Evidentiary Hearing**

Under *Baja v. Ducharme*, a district court has discretion to grant a motion for an evidentiary hearing. 187 F.3d 1077 (9th Cir. 1999). In order for a district court to grant an evidentiary hearing, the Court must "determine whether a factual basis exists in the record to support the petitioner's claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 670 (9th Cir. 2005) (quoting *Baja*, 187 F.3d at 1078). If there is no factual basis then the court must ascertain "whether the petitioner has 'failed to develop the factual basis of the claim in State court.'" *Insyxiengmay*, 403 F.3d at 670 (quoting *Baja*, 187 F.3d at 1078). If the Petitioner has failed to do the above then the state "must deny a hearing unless the applicant establishes one of the two narrow exceptions set forth in § 2254(e)(2)(A) & (B)." *Insyxiengmay*, 403 F.3d at 670 (quoting *Baja*, 187 F.3d at 1078). There are six situations where a habeas petitioner should be entitled to an evidentiary hearing: (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing. *Townsend v. Sain*, 372 U.S. 293, 313 (1963), (*overruled on other grounds by Keeny v. Tamayo-Reyes*, 504 U.S. 1, 5 (1992).

Petitioner does not take a position with regards to whether the facts underlying his claim were developed in state court. (*See* Traverse 2.) Instead, Petitioner claims that he is actually innocent of the gang enhancement, as defined in California Penal Code § 186.22(b)(1), and that there was insufficient evidence to convict him of such. (*See* Traverse 2.) Since this claim necessarily relies on the facts presented at trial, Petitioner must satisfy one of the six *Townsend* factors to be entitled to an evidentiary hearing.

None of the six *Townsend* factors entitle Petitioner to an evidentiary hearing. The merits of Petitioner's claim were resolved in the state court. As discussed above, the trial court's finding that Petitioner committed the offense with the specific intent to further criminal gang activity is supported by the evidence presented. Moreover, the fact finding procedure employed adequately gave Petitioner a full and fair hearing; there is no allegation of newly discovered evidence; the material facts were adequately developed in the state courts; and it does not appear that the state courts failed to provide Petitioner with a full and fair hearing. Since Petitioner does not satisfy any of the *Townsend* factors, his request for an evidentiary hearing is **DENIED**.

### III. Petitioner's Request for Appointment of Counsel

Petitioner requests that the Court appoint counsel to represent him in litigating his petition. (Second Am. Pet. 9.) The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993) (quoting *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986)); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Financially eligible habeas petitioners seeking relief under 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interest of justice so require." 18 U.S.C.A. § 3006A(a)(2) (West 2000 & Supp. 2005); *Terrovona v. Kinchebe*, 912 F.2d 1176, 1181 (9th Cir. 1990). The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition or when the assistance of counsel is "necessary for effective discovery." 28 U.S.C.A. Rs. 6(a), 8(c) foll. § 2254 (West Supp. 2005); *Mayle v. Felix*, 545 U.S. 644, 675 (2005); *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728. Otherwise, the appointment of counsel is discretionary. *Mayle*, 545 U.S. at 675; *Terrovona*, 912 F.2d at 1177, *Knaubert*, 791 F.2d at 728. The Eighth Circuit has, however, suggested that the following factors should be considered when the court exercises its discretion to determine whether appointment of counsel is appropriate: "the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." *Haggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). The issues and facts that Petitioner presents are not severely complex and he adequately explained his claim for relief in his Second

Amended Petition and his Traverse.  Further, Petitioner has adequately represented himself to date.  Under this analysis, due process and the interests of justice do not require the appointment of counsel.  In light of the above factors, the Court **DENIES** Petitioner's request to have counsel appointed.

### *Conclusion*

For the reasons set forth above, this Court **ADOPTS** the R&R and **DENIES** Petitioner's Second Amended Petition for Writ of Habeas Corpus in its entirety.  Additionally, this Court **DENIES** Petitioner's requests for an evidentiary hearing and appointment of counsel.

**IT IS SO ORDERED.**

DATED:  October 12, 2007

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: All Parties of Record